

**ORDERED in the Southern District of Florida on May 24, 2018.**

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| **In re:** | Chapter 11 |
| **BCML HOLDING LLC,** | Case No. 18-11600-EPK |
|     Debtor. | |
| _____/ | |
| **BCML HOLDING LLC,** | |
|     Plaintiff, | |
| v. | Adv. Proc. No. 18-01129-EPK |
| **U.S. BANK NATIONAL ASSOCIATION,** | |
|     Defendant. | |
| _____/ | |

**ORDER DENYING PLAINTIFF'S MOTION
FOR ENTRY OF DEFAULT FINAL JUDGMENT**

In this adversary proceeding, plaintiff BCML Holding, LLC, the debtor-in-possession in this chapter 11 case, seeks a ruling that the secured claim held by the defendant U.S. Bank National Association should not include amounts due under a promissory note that accrued more than five years prior to the filing of this bankruptcy case. Specifically, the plaintiff seeks an order allowing the

defendant's secured claim in the amount of $990,753.34, a sum that includes principal and unpaid interest that accrued only during the five year period prior to the petition date. ECF No. 1.

The complaint and summons were properly served on the defendant. ECF Nos. 4, 5, 6 and 7. The defendant failed to respond to the complaint and, after appropriate request by the plaintiff, the clerk entered a default. ECF Nos. 8 and 9. The plaintiff filed a motion for default judgment, which is now before the Court. ECF No. 10.

In light of the fact that the defendant was properly served and failed to respond, and in light of the fact that the plaintiff has complied with the applicable provisions of the Fed. R. Bankr. P., the motion for default judgment is procedurally proper. However, even where a defendant has failed to respond to a complaint in a timely manner, the plaintiff is not entitled to a default judgment if the relief requested in the complaint is not supported by the law. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). It is the Court's view that the plaintiff is not entitled to the relief requested in the complaint as a matter of law, and so the motion for default judgment will be denied.

The defendant's claim was scheduled by the plaintiff as disputed. ECF No. 1, Case No. 18-11600. The defendant did not file a proof of claim in the plaintiff's chapter 11 case prior to the bar date. *See* ECF No. 39, Case No. 18-11600 (requiring non-governmental proofs of claim be filed no later than May 14, 2018). As a result, the defendant will not have an unsecured claim in this chapter 11 case. 11 U.S.C. § 502(b)(9); Fed. R. Bankr. P. 3003(c)(2). However, a claim secured by a lien on property, such as that held by the defendant, remains a lien on the property even if the creditor fails to file a proof of claim. *Dewsnup v. Timm*, 502 U.S. 410 (1992). Thus, it is often necessary for a debtor to obtain a ruling with regard to the amount of such a secured claim. The Court notes that the relief requested in this adversary proceeding could have been obtained by the filing of an objection to claim. Fed. R. Bankr. P. 3012(b) and 7001(2). But pursuit of the relief requested here by the filing of a

complaint is not fatal to the cause as the filing of a complaint provided more due process than was actually required under the rules.

The plaintiff owns a condominium in Miami-Dade County, Florida. In 2005, a prior owner of the condominium obtained a loan from the defendant's predecessor and executed a promissory note in favor of the defendant's predecessor. The borrower granted a mortgage on the condominium to secure repayment of the loan. The borrower defaulted on the loan and the defendant commenced a foreclosure action. The defendant's foreclosure action was dismissed in August 2011 for lack of prosecution. In the meantime, the condominium association obtained a foreclosure judgment with regard to the condominium. The condominium was sold to the condominium association at a foreclosure sale in April 2011. In August 2012, the plaintiff purchased the condominium from the condominium association, subject to the mortgage of the defendant.

Florida Statutes § 95.11(2)(c) provides a five year statute of limitations for foreclosure on a mortgage. The plaintiff argues that, in light of the decision of the Florida Supreme Court in *Bartram v. U.S. Bank, N.A.*, 211 So.3d 1009 (Fla. 2016), a foreclosing mortgage lender may not recover interest and other sums that accrued under the secured obligation more than five years prior to commencement of suit. The plaintiff argues that the defendant's secured claim in this bankruptcy case should be limited to the principal balance of the secured obligation plus the interest that accrued within the five years prior to the bankruptcy petition. Neither the *Bartram* decision nor any other binding precedent supports that argument. In the context of an installment mortgage loan that is subject to acceleration, the plaintiff's position makes no sense at all.

When one is considering an accelerated obligation, the triggering default and its relationship to the statute of limitations is completely separate from the debt that is subject to judgment and collection. The Florida Supreme Court in *Bartram* itself explains that the debt which is the subject of foreclosure is the accelerated debt, meaning the entire amount due under the mortgage loan. The

Florida Supreme court stated: "[W]ith each subsequent default, the statute of limitations runs from the date of each new default providing the mortgagee the right, but not the obligation, to accelerate all sums then due under the note and mortgage." *Bartram v. U.S. Bank, N.A.,* 211 So.3d at 1019. The Florida Supreme Court made it clear that in a subsequent foreclosure the lender could pursue the entire accelerated debt. In other words, the statute of limitations is a procedural bar only. Once a timely action is filed, the remedy is controlled by contract. As is typical, the loan documents in this case provide for acceleration of the mortgage obligation, which includes all unpaid interest on the loan, and indeed any other unpaid amounts due under the loan documents.

Under Florida law, if there is a default under a mortgage loan within the past five years, the lender may file a complaint. Although extremely uncommon, it is technically possible for a lender on an installment obligation to seek judgment only for those installments that have come due and were not paid. In other words, the lender is not required to accelerate. If the lender elects to proceed in this manner, then the suit may only seek collection of those sums that were actually in default within the past five years. But even if a lender determined to pursue only those installments that came due in the five years prior to commencing suit, this does not mean that prior installments may never be collected. The loan would at some time in the future reach maturity. All unpaid amounts would then be due. The lender would still have five years after that to commence a foreclosure action.

In any case, the typical lender files suit seeking acceleration of its debt such that the entire sum owing, including principal, interest, advances, costs, and fees, will be included in the judgment. That entire debt that is sought to be liquidated in the foreclosure action. When a lender seeks judgment on an accelerated debt, it makes no sense to suggest that any component of that accelerated obligation should be excluded from the judgment because it "came due" more than five years prior. It did not come due more than five years prior. It came due upon acceleration. It is all due presently, both what

was to be paid on prior installment dates and what would otherwise be due on future installment dates. The installment dates no longer matter for purposes of the accelerated debt; it is all one debt.

Amazingly, there is some Florida case law to the contrary. There is one decision in particular, of the Fifth District Court of Appeals, in which the court remanded the matter to the trial court for a determination of what portion of the debt should be subtracted from the judgment. *Velden v Nationstar Mortg., LLC*, 234 So. 3d 850 (Fla. 5th DCA 2018). In that decision, the court cites three other decisions to support the proposition that installments and other sums that came due more than five years prior to suit should be subtracted from the judgment. *Velden*, 234 So.3d at 851-52. But those cited decisions do not in fact support the proposition. In two of them, the plaintiff had not accelerated the installment obligations and was suing for judgment on individual installments. *Greene v. Bursey*, 733 So. 2d 1111 (Fla. 4th DCA 1999); *Cent. Home Trust Co. v. Lippincott*, 392 So. 2d 931 (Fla. 5th DCA 1980). In the third case, the plaintiff had conceded that it would not seek the sums that came due more than five years prior to commencement of the action, so the question was not before the court. *U.S. Bank, N.A. v. Diamond*, 228 So. 3d 177 (Fla. 5th DCA 2017). The *Velden* decision, which is the most directly on point of those the Court has found, is not well founded in the law. In any case, it is not binding precedent. The Court declines to adopt this theory.

There is also a decision of the Eleventh Circuit Court of Appeals that seems to suggest that amounts that came due more than five years prior to a foreclosure suit cannot be included in the judgment. *Dorta v. Citibank*. 707 Fed. Appx. 660 (11th Cir. 2017). *Dorta* is a statute of limitations case. In dicta, the Eleventh Circuit suggests that the five year statute of limitations period creates a limit on the amounts that can be sought. The applicable quote is as follows: "Dorta's lender remains free to recover unpaid installments less than five years old." *Dorta*, 707 Fed. Appx. at 662. But the Eleventh Circuit was not addressing what sums could ultimately be included in a judgment on an accelerated mortgage obligation. The only question before the court was what was required in the way of a default

in order to support the commencement of the action. Not only is the quoted statement dicta, as it was not in any way necessary to the decision, but it is set out in an unpublished decision and therefore is not binding on this Court. This Court is convinced that if the question now before the Court was presented to the Eleventh Circuit, the Eleventh Circuit would reach the same conclusion as this Court.

The defendant's secured claim in this case is not limited by the due date of any component of its accelerated mortgage loan debt. Put another way, the Court rules that the Florida statute of limitations does not cause the Court to reduce the defendant's secured claim in this case by subtracting amounts that were contractually due, absent acceleration, more than five years prior to commencement of this bankruptcy case. Because there is no legal basis for entry of judgment consistent with the complaint in this case, the plaintiff's motion for default judgment will be denied.

For the foregoing reasons, the Court ORDERS and ADJUDGES that the *Plaintiff's Motion for Entry of Default Final Judgment* [ECF No. 10] is DENIED.

###

Copies furnished to:

Nathan G. Mancuso, Esq.

*Nathan G. Mancuso, Esq. is directed to serve a copy of this order on all parties in interest and to file a certificate of service with the Court.*